**David B. LOWRY, Plaintiff – Appellant,**

v.

**COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, Defendant–Appellee.**

**No. 03–35122.**

United States Court of Appeals, Ninth Circuit.

Submitted May 7, 2004.[*]

Decided May 13, 2004.

David B. Lowry, Portland, OR, pro se.

R. Dirk Selland, Esq., Office of the Attorney General, Baltimore, MD, Craig J. Casey, Esq., Office of the U.S. Attorney, Portland, OR, for Defendant–Appellee.

Before: SILVERMAN, CLIFTON, Circuit Judges, and ZAPATA, District Judge.[**]

MEMORANDUM [***]

David Lowry appeals the dismissal of this action for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for lack of subject matter jurisdiction, *Orsay v. United States Dep't of Justice,* 289 F.3d 1125, 1128 (9th Cir.2002), and we affirm.

Because the parties are familiar with the facts, we recite them only as necessary for this decision. Lowry, an attorney, brought this mandamus action to compel the Commissioner of Social Security to pay him attorney's fees for legal services he rendered on behalf of clients seeking disability benefits. The district court dismissed the lawsuit, concluding that mandamus relief was improper because the Commissioner was still processing his fee requests.

We conclude that the complaint was properly dismissed for a different reason:[1] Lowry failed to show that the Commissioner has a clear, ministerial duty to pay him attorney's fees in the precise amounts he claims are due. *Johnson v. Reilly,* 349

---

[*] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

[**] The Honorable Frank R. Zapata, United States District Judge for the District of Arizona, sitting by designation.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We may affirm on any ground supported by the record. *R.T. Vanderbilt Co. v. Babbitt,* 113 F.3d 1061, 1063 n. 1 (9th Cir.1997).

F.3d 1149, 1154 (9th Cir.2003) (to be entitled to mandamus relief, a plaintiff must establish, among other things, that the act he seeks to compel is "ministerial and so plainly prescribed as to be free from doubt"). The decision whether to award attorney's fees and, if so, how much, involves the exercise of discretion.[2] We note that the Commissioner does have a clear, non-discretionary duty to *process* a lawyer's claims for fees, *cf. Independence Mining Co., Inc. v. Babbitt,* 105 F.3d 502, 507 n. 6 (9th Cir.1997), but Lowry did not request such relief in his complaint. Instead, he requested *payment* of specific sums.

We also conclude that the district court properly declined to exercise subject matter jurisdiction under 28 U.S.C. § 1331 because Lowry's claims "arise under" the Social Security Act. *See* 42 U.S.C. § 405(h); *Heckler v. Ringer,* 466 U.S. 602, 614–15, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984).

AFFIRMED.

---

2. As to the "fee petition" claims, the Commissioner has discretion to set a fee based on a consideration of many factors. *See* 20 C.F.R. § 404.1725(b)(1); *see also Barron v. Reich,* 13 F.3d 1370, 1375–76 & n. 3 (9th Cir.1994) (suggesting that agency decisions involving "a complicated balancing of a number of factors" are discretionary rather than ministerial). As to the "fee agreement" claims, the complaint fails to allege which, if any, of Lowry's claims are "fee agreement" claims or if Lowry has satisfied all of the prerequisites for approval of such claims. Absent these allegations, we need not reach the issue of

---

whether the duty to pay "fee agreement" claims is sufficiently "clear" and "ministerial" to support a request for mandamus relief.

